UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

ATLANTICA HOLDINGS, INC., BALTICA
INVESTMENT HOLDING, INC., BLU FUNDS,
INC., Allan KIBLISKY, Anthony KIBLISKY, and
Jacques GLIKSBERG,

                                      Plaintiffs,

                 – against –

BTA BANK JSC,

                                  Defendant.

----------------------------------------------------------------x

Civ. No. 13 CV 5790 (JMF)
rel. No. 12 CV 8852 (JMF)

**ECF CASE**

## DECLARATION OF BRETT D. JAFFE
## IN SUPPORT OF PLAINTIFFS' MOTION SEEKING AN ORDER
## PERMITTING SERVICE OF THE COMPLAINT PURSUANT TO F.R.C.P. 4(f)(3)

         I, Brett D. Jaffe, an attorney admitted to practice before this Court, declare that the

following statements are true under penalty of perjury:

         1.       I am a partner in the law firm of Cohen & Gresser LLP ("Cohen & Gresser"),

counsel to Plaintiffs Atlantica Holdings, Inc., Baltica Investment Holding, Inc., Blu Funds, Inc.,

Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg ("Plaintiffs") in this action and in a

related action pending before this Court, *Atlantica Holdings Inc. v. Sovereign Wealth Fund*

*"Samruk-Kazyna" JSC*, No. 12 CV 8852 (JMF) (S.D.N.Y.) (the "S-K Fund Action").

         2.       I submit this declaration in support of Plaintiffs' motion seeking an order

permitting service pursuant to Fed. R. Civ. P. 4(f)(3) on defendant BTA Bank JSC ("BTA

Bank") by service on its counsel, White & Case LLP ("White & Case").

         3.       Plaintiffs purchased Subordinated Notes issued by BTA Bank, a joint-stock

company organized under the laws of the Republic of Kazakhstan.  Compl. ¶¶ 8-14.  To the best

of Plaintiffs' knowledge, BTA Bank has no office or registered agent for service of process in the United States.

4.      The Subordinated Notes were issued pursuant to a 2010 multi-billion dollar restructuring of the bank ("the 2010 Restructuring").  Compl. ¶ 1.  On August 16, 2013, Plaintiffs commenced this action (the "BTA Bank Action") by filing their Complaint alleging material misstatements and omissions made in connection with the sale of the Subordinated Notes, and asserting a claim for relief under the Securities and Exchange Act of 1934 and Rule 10b-5.  Dkt. #1.  Because of BTA Bank's intransigence, Plaintiffs have not yet served the Complaint.

5.      The Court has accepted the BTA Bank Action as related to the prior-filed S-K Fund Action, which was commenced on December 5, 2012.  The S-K Fund Action arises out of the same facts as the BTA Bank Action and asserts claims for relief BTA Bank's 97% controlling shareholder, Sovereign Wealth Fund "Samruk-Kazyna" JSC ("S-K Fund").  BTA Bank was not named as a defendant in the S-K Fund Action because, at the time that litigation was commenced, BTA Bank was a debtor in a Chapter 15 bankruptcy case in the United States Bankruptcy Court in the Southern District of New York (and by which BTA Bank had purposely availed itself of the benefits of the courts in this District).  *See In re "BTA Bank" JSC*, Case No. 12-13081 (JMP) (Bankr. S.D.N.Y.).  That bankruptcy case was discharged on July 17, 2013, permitting Plaintiffs to bring the instant case against BTA Bank.

6.      In support of S-K Fund's motion to dismiss the S-K Fund Action, Francis Fitzherbert-Brockholes (a White & Case partner) provided a 10-page declaration with exhibits (the "FFB Declaration") that was filed with this Court.  S-K Fund Dkt. #18.  The FFB Declaration disclosed that White & Case advised BTA Bank in connection with the 2010

Restructuring. *Id.* ¶ 1. That disclosure was not at all surprising; White & Case is BTA Bank's longtime counsel, having representing BTA Bank in numerous matters including BTA Bank's recently-concluded Chapter 15 bankruptcy case (*In re "BTA Bank" JSC*, Case No. 12-13081 (JMP) (Bankr. S.D.N.Y)), and another bankruptcy proceeding in which BTA Bank had availed itself of the benefits of U.S. courts, *In re JSC BTA Bank*, No. 10-BK-10638 (Bankr. S.D.N.Y).

7.      In light of the fact that White & Case had provided a declaration on BTA Bank's behalf in connection with the S-K Fund Action, on August 19, 2013 (the first business day following the filing of the Complaint in this action), I emailed Mr. Fitzherbert-Brockholes to inquire as to whether White & Case would accept service of the Complaint on behalf of BTA Bank. A copy of the email is attached hereto as Exhibit 1. Mr. Fitzherbert-Brockholes did not respond to that email. I again emailed Mr. Fitzherbert-Brockholes on September 10, and again requested that White & Case accept service of process on BTA Bank's behalf. A copy of that email is attached hereto as Exhibit 2. Once again, Mr. Fitzherbert-Brockholes did not respond.

8.      On September 10, 2013, the Court issued an Order (the "Order") directing all parties to appear for a telephone conference on September 23. A copy of the Order is attached hereto as Exhibit 3. As stated in the Order, the purpose of the conference was to consider whether the BTA Bank Action and the S-K Fund Action should be consolidated, and what effect, if any, the new Complaint had on the motion to dismiss pending in the S-K Fund Action. *Id.* at 2. The Order instructed Plaintiffs to serve a copy of the Order on BTA Bank and file proof of service with the Court, and instructed counsel for BTA Bank to file a notice of appearance and participate in the teleconference. *Id.* at 1-2.

9.      On September 13, I emailed Mr. Fitzherbert-Brockholes and Richard Graham of White & Case, as well as Joseph Pizzurro and Jonathan J. Walsh of Curtis, Mallet-Prevost, Colt

& Mosle LLP, counsel for S-K Fund.  By that email, I  again requested that BTA Bank accept service of the Complaint and the Order; copies of both were attached.  A copy of that email (without exhibits) is attached hereto as Exhibit 4.

10.     On September 16th, Gregory Starner of White & Case LLP wrote to say that White & Case was not authorized to accept service of the Order or the Complaint, which, he directed, "should be served in accordance with Rule 4 of the Rules of Civil Procedure."  In reply, I asked Mr. Starner if White & Case represents BTA Bank in this litigation.  Mr. Starner replied that White & Case is "not in a position to say" whether they represent BTA Bank in this case.  I then suggested that to the extent White & Case does represent BTA Bank, it should (in accordance with the Order) file a notice of appearance and participate in the September 23 teleconference.  A copy of the September 16 email interchange between Mr. Starner and myself (without exhibits) is attached hereto as Exhibit 5.  I also submitted a letter to the Court advising that Plaintiffs had been unable to serve the Order on BTA Bank.  A copy of that letter (without exhibits) is attached hereto as Exhibit 6.

11.     On September 23, the day of the teleconference, Mr. Starner submitted a letter to the Court stating that White & Case had been retained by BTA Bank to represent BTA Bank in this action, but that White & Case was not authorized to accept service of the Complaint.  A copy of that letter is attached hereto as Exhibit 7.  That same day, Mr. Starner filed a notice of appearance in this action.  Dkt. # 5.  However, on the basis that BTA Bank had not yet been served, Mr. Starner refused to participate in the Court-ordered telephonic conference.  *See* Ex. 7 at 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of October, 2013

_____
BRETT D. JAFFE

# EXHIBIT 1

| | |
|---|---|
| **From:** | Brett D. Jaffe |
| **Sent:** | Monday, August 19, 2013 10:44 AM |
| **To:** | 'ffitzherbert-brockholes@london.whitecase.com' |
| **Cc:** | Scott D. Thomson; Alexis G. Stone |
| **Subject:** | Atlantica Holdings, et al. v. BTA Bank, No. 13 Civ. 1590 (SDNY) |
| **Attachments:** | Complaint - court-filed (00134758).pdf; Summons - court-filed (00134757).pdf; Civil Cover Sheet - court-filed (00134756).pdf |

Mr. Fitzherbert-Brockholes:

We are counsel to Atlantica Holdings, Inc., Baltica Holdings, Inc., Blu Funds, Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg.  On behalf of our clients,  we have commenced the litigation referenced in the attached materials.  Please advise as to whether you are authorized to accept service of the attached Summons and Complaint on behalf of Defendant BTA Bank.

If you have any questions with regard to this matter, my contact information is below.

Regards,

Brett


Brett D. Jaffe

## COHEN & GRESSER LLP

800 Third Avenue
New York, New York 10022
+1 212 957 9756 phone
bjaffe@cohengresser.com
www.cohengresser.com

CONFIDENTIALITY NOTICE: The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed initially by only the individual named above. If the reader of this e-mail is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by telephone and permanently delete this e-mail. Thank you.

1

# EXHIBIT 2

| From: | Brett D. Jaffe |
|---|---|
| Sent: | Tuesday, September 10, 2013 3:20 PM |
| To: | 'ffitzherbert-brockholes@london.whitecase.com' |
| Cc: | Scott D. Thomson; Alexis G. Stone |
| Subject: | RE: Atlantica Holdings, et al. v. BTA Bank, No. 13 Civ. 1590 (SDNY) |

Mr. Fitzherbert-Brokholes:

We have not heard from you concerning this matter.  Please let us now if you will accept service on behalf of your client BTA Bank, or if we need to go through the burden and expense of effectuating service.

Thank you.

Regards,

Brett

**From:** Brett D. Jaffe
**Sent:** Monday, August 19, 2013 10:44 AM
**To:** 'ffitzherbert-brockholes@london.whitecase.com'
**Cc:** Scott D. Thomson; Alexis G. Stone
**Subject:** Atlantica Holdings, et al. v. BTA Bank, No. 13 Civ. 1590 (SDNY)

Mr. Fitzherbert-Brockholes:

We are counsel to Atlantica Holdings, Inc., Baltica Holdings, Inc., Blu Funds, Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg.  On behalf of our clients,  we have commenced the litigation referenced in the attached materials.  Please advise as to whether you are authorized to accept service of the attached Summons and Complaint on behalf of Defendant BTA Bank.

If you have any questions with regard to this matter, my contact information is below.

Regards,

Brett

Brett D. Jaffe

## COHEN & GRESSER LLP

800 Third Avenue
New York, New York 10022
+1 212 957 9756 phone
bjaffe@cohengresser.com
www.cohengresser.com



CONFIDENTIALITY NOTICE: The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed initially by only the individual named above. If the reader of this e-mail is not the intended recipient or a representative of the intended recipient, you are hereby notified that any

# EXHIBIT 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATLANTICA HOLDINGS, INC, et al.,

                Plaintiffs,

       -v-

SOVEREIGN WEALTH FUND SAMRUK-KAZYNA
JSC,

                Defendant.

-------------------------------------------------------------X

ATLANTICA HOLDINGS, INC, et al.,

                Plaintiffs,

       -v-

BTA BANK JSC,

                Defendant.

-------------------------------------------------------------X

12 Civ. 8852 (JMF)

ORDER

13 Civ. 5790 (JMF)

JESSE M. FURMAN, United States District Judge:

      Plaintiffs in the above-captioned cases have filed a second action, 13 Civ. 5790, against a

different Defendant, BTA Bank JSC, which the Court has accepted as a related case.

      It is hereby ORDERED that all parties shall participate in a telephone conference to

discuss the treatment of these cases on **September 23, 2013**, at **2:00 p.m.**  Among other issues,

counsel should be prepared to discuss whether it would be appropriate to consolidate these two

actions and what bearing, if any, the new case has on the pending motion to dismiss in 12 Civ.

8852.

Plaintiffs are directed to serve a copy of this order upon BTA Bank JSC no later than September 17, 2013, and to promptly file proof of such service.  Counsel for BTA Bank JSC shall promptly file a notice of appearance on ECF.


SO ORDERED.

Dated: September 10, 2013
      New York, New York

                                          JESSE M. FURMAN
                                  United States District Judge

# EXHIBIT 4

| | |
|---|---|
| **From:** | Brett D. Jaffe |
| **Sent:** | Friday, September 13, 2013 1:24 PM |
| **To:** | 'ffitzherbert-brockholes@london.whitecase.com'; 'rgraham@whitecase.com'; 'Pizzurro, Joseph D. (jpizzurro@curtis.com)'; 'Walsh, Jonathan J. (jwalsh@curtis.com)' |
| **Cc:** | Scott D. Thomson |
| **Subject:** | Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY) |
| **Attachments:** | Complaint - court-filed (00134758).pdf; Summons - court-filed (00134757).pdf; Civil Cover Sheet - court-filed (00134756).pdf; 00136580.PDF; 2634_001.pdf |

Gentlemen:

Attached is a complaint and related documents filed on behalf of our clients Atlantica Holdings, Inc., Baltica Holdings, Inc., Blu Funds, Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg against BTA Bank. Also attached is an order issued by Judge Furman this week (the "Order"). The Order provides that (i) we serve a copy of the Order on BTA Bank by September 17, 2013, (ii) counsel for BTA Bank promptly file a notice of appearance in this case, and (iii) counsel for all parties in this case, as well as our clients' prior-filed case against S-K Fund (12 Civ. 8852), participate in a telephonic conference with the Court on September 23.

It is our understanding that White & Case represented BTA Bank in connection with both the 2010 Restructuring at issue in this case, as well as BTA Bank's recently concluded Chapter 15 proceeding in the Southern District of New York. Accordingly, prior to receipt of the Order we sent two emails to Francis Fitzherbert-Brockholes of White & Case (copies attached) requesting that he accept service of the complaint on behalf of BTA Bank. We have received no response to either email. We now request again that BTA Bank accept service of the complaint, as well as the Order. Please advise by 5pm EDT on Monday, September 16, 2013 whether any of you are authorized to accept service on behalf of BTA Bank, or direct me to counsel for BTA Bank who is so authorized. If you advise that you are unable to accept service, or to direct us to counsel authorized to do so, we will have no choice but to notify the Court that neither counsel to BTA Bank nor counsel to S-K Fund (BTA Bank's 97% controlling shareholder) were able to facilitate prompt service of the Complaint and the Court's order, and that we will necessarily be forced to incur the costs and burdens of foreign service, including translation of these documents.

If you have questions with regard to this matter, please do not hesitate to contact me.

Regards,

Brett

Brett D. Jaffe

## COHEN & GRESSER LLP



800 Third Avenue
New York, New York 10022
+1 212 957 9756 phone
bjaffe@cohengresser.com
www.cohengresser.com

1

CONFIDENTIALITY NOTICE. The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed initially by only the individual named above. If the reader of this e-mail is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by telephone and permanently delete this e-mail. Thank you.

# EXHIBIT 5

| | |
|---|---|
| **From:** | Brett D. Jaffe |
| **Sent:** | Monday, September 16, 2013 4:06 PM |
| **To:** | 'Starner, Gregory'; Scott D. Thomson |
| **Cc:** | 'Pell, Owen'; 'Fitzherbert-Brockholes, Francis' |
| **Subject:** | RE: Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY) |
| **Attachments:** | 00136580.pdf |

Greg,

I do not understand how you are "not in a position to say" whether you represent BTA Bank in this matter; White & Case either represents BTA Bank, or it does not.

In any event, attached is another copy of Judge Furman's Order. If White & Case does represent BTA Bank, I trust that you will (as directed by the Court) file a notice of appearance and participate in the conference call scheduled for September 23 at 2pm.

Regards,

Brett

---

**From:** Starner, Gregory [mailto:gstarner@whitecase.com]
**Sent:** Monday, September 16, 2013 3:21 PM
**To:** Brett D. Jaffe; Scott D. Thomson
**Cc:** Pell, Owen; Fitzherbert-Brockholes, Francis
**Subject:** RE: Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY)

Brett,

We are not in a position to say whether BTA Bank JSC has instructed counsel in this action yet.

Regards

Gregory M. Starner | Partner
T +1 212 819 8839   E gstarner@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

---

**From:** Brett D. Jaffe [mailto:bjaffe@cohengresser.com]
**Sent:** Monday, September 16, 2013 3:11 PM
**To:** Starner, Gregory; Scott D. Thomson
**Cc:** Pell, Owen; Fitzherbert-Brockholes, Francis
**Subject:** RE: Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY)

Mr. Starner,

Thank you for your response. Does White & Case represent BTA Bank JSC in connection with this action?

Regards,

Brett

**From:** Starner, Gregory [mailto:gstarner@whitecase.com]
**Sent:** Monday, September 16, 2013 1:33 PM
**To:** Brett D. Jaffe; Scott D. Thomson
**Cc:** Pell, Owen; Fitzherbert-Brockholes, Francis
**Subject:** RE: Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY)

Mr. Jaffe,

With respect to your email dated September 13, 2013 (and prior correspondence of August 19 and September 10) concerning the action styled *Atlantica Holdings, Inc., et al v. BTA Bank JSC* (13-cv-5790), please be advised that White & Case LLP has not been and is not authorized to accept service on behalf of BTA Bank JSC. Any service or process with respect to the cited action should be made in compliance with Rule 4 of the Federal Rules of Civil Procedure.

Regards,


Gregory M. Starner | Partner
T +1 212 819 8839   E gstarner@whitecase.com

White & Case LLP | 1155 Avenue of the Americas | New York, NY 10036-2787

**From:** Brett D. Jaffe [mailto:bjaffe@cohengresser.com]
**Sent:** Friday, September 13, 2013 1:24 PM
**To:** Fitzherbert-Brockholes, Francis; Graham, Richard; 'Pizzurro, Joseph D. (jpizzurro@curtis.com)'; 'Walsh, Jonathan J. (jwalsh@curtis.com)'
**Cc:** Scott D. Thomson
**Subject:** Atlantica Holdings, et al v. BTA Bank, 13 Civ. 5790 (SDNY)

Gentlemen:

Attached is a complaint and related documents filed on behalf of our clients Atlantica Holdings, Inc., Baltica Holdings, Inc., Blu Funds, Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg against BTA Bank. Also attached is an order issued by Judge Furman this week (the "Order"). The Order provides that (i) we serve a copy of the Order on BTA Bank by September 17, 2013, (ii) counsel for BTA Bank promptly file a notice of appearance in this case, and (iii) counsel for all parties in this case, as well as our clients' prior-filed case against S-K Fund (12 Civ. 8852), participate in a telephonic conference with the Court on September 23.

It is our understanding that White & Case represented BTA Bank in connection with both the 2010 Restructuring at issue in this case, as well as BTA Bank's recently concluded Chapter 15 proceeding in the Southern District of New York. Accordingly, prior to receipt of the Order we sent two emails to Francis Fitzherbert-Brockholes of White & Case (copies attached) requesting that he accept service of the complaint on behalf of BTA Bank. We have received no response to either email. We now request again that BTA Bank accept service of the complaint, as well as the Order. Please advise by 5pm EDT on Monday, September 16, 2013 whether any of you are authorized to accept service on behalf of BTA Bank, or direct me to counsel for BTA Bank who is so authorized. If you advise that you are unable to accept service, or to direct us to counsel authorized to do so, we will have no choice but to notify the Court that neither counsel to BTA Bank nor counsel to S-K Fund (BTA Bank's 97% controlling shareholder) were able to facilitate prompt service of the Complaint and the Court's order, and that we will necessarily be forced to incur the costs and burdens of foreign service, including translation of these documents.

If you have questions with regard to this matter, please do not hesitate to contact me.

Regards,

Brett

Brett D. Jaffe

## COHEN & GRESSER LLP

800 Third Avenue
New York, New York 10022
+1 212 957 9756 phone
bjaffe@cohengresser.com
www.cohengresser.com



CONFIDENTIALITY NOTICE: The information contained in this e-mail may be confidential and/or privileged. This e-mail is intended to be reviewed initially by only the individual named above. If the reader of this e-mail is not the intended recipient or a representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this e-mail or the information contained herein is prohibited. If you have received this e-mail in error, please immediately notify the sender by telephone and permanently delete this e-mail. Thank you.

==================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==================================================================

==================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

==================================================================

# EXHIBIT 6

**COHEN & GRESSER LLP**

800 Third Avenue
New York, New York 10022
212 957 7600 phone
212 957 4514 fax
www.cohengresser.com

Brett D. Jaffe
212 957 9756
bjaffe@cohengresser.com

September 17, 2013

<u>**VIA ECF**</u>

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: *Atlantica Holdings, Inc., et al. v. Sovereign Wealth Fund
> "Samruk-Kazyna" JSC*, No. 12 Civ.8852 (JMF) and *Atlantica
> Holdings, Inc. et al. v. BTA Bank*, No. 13 Civ. 5790 (JMF)

Dear Judge Furman:

    We are counsel for Plaintiffs in two related actions pending before the Court: *Atlantica Holdings, Inc., et al. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12 Civ. 8852 (the "S-K Fund Action") and *Atlantica Holdings, Inc. et al. v. BTA Bank*, No. 13 Civ. 5790 (the "BTA Bank Action" and together, the "Actions"). On September 10, 2013, the Court issued an Order (the "Order") scheduling a telephone conference on September 23 concerning the two Actions. The Order instructs Plaintiffs to serve a copy of the Order on BTA Bank and file proof of service with the Court, and instructs counsel for BTA Bank to file a notice of appearance and participate in the teleconference. We write to advise the Court of Plaintiffs' efforts to comply with the Order.

    Plaintiffs' efforts to serve BTA Bank (a Kazakhstan-based financial institution without, to the best of our knowledge, an office or agent for service of process in the United States) began well before the Court's Order was issued. We are aware that White & Case LLP has long served as counsel to BTA Bank, both in connection with the transactions at issue in the Actions, as well as in connection with BTA Bank's recently concluded Chapter 15 bankruptcy proceeding in the Southern District of New York (Case No. 12-13081 (JMP)). In fact, a White & Case partner, Francis Fitzherbert-Brockholes, submitted a declaration in support of S-K Fund's motion to dismiss the Amended Complaint in the S-K Fund Action, in which he represents that White & Case has served as counsel to BTA Bank in connection with the restructuring transaction at issue in these cases. *See* Dkt. No. 18 at ¶ 1. Accordingly, on August 19, 2013 (the next business day

COHEN & GRESSER LLP


Honorable Jesse M. Furman
September 17, 2013
Page 2

following commencement of the BTA Bank Action), I emailed Mr. Fitzherbert-Brockholes to inquire as to whether White & Case would accept service of the complaint in the BTA Bank Action (the "Complaint") on behalf of BTA Bank. Upon receiving no response, I again emailed Mr. Fitzherbert-Brockholes on September 10. Once again, we received no response at all. Copies of both emails are attached as Exhibit A.

Following receipt of the Order, Plaintiffs continued their efforts to contact counsel for BTA Bank. On September 13, I emailed Mr. Fitzherbert-Brockholes and Richard Graham of White & Case, as well as Joseph Pizzurro and Jonathan J. Walsh of Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel for S-K Fund (BTA Bank's 97% shareholder). By that email, we again requested that BTA Bank accept service of the Complaint and the Order; copies of both were attached. A copy of the September 13 email (without attachments) is attached as Exhibit B.

To date, none of these attorneys have accepted service of the Order (or the Complaint) on behalf of BTA Bank. Joseph Pizzurro, counsel to S-K Fund, advised that the Curtis, Mallet firm does not represent BTA Bank and is not authorized to accept service on behalf of BTA Bank. A copy of Mr. Pizzurro's email is attached as Exhibit C.

White & Case's response has been far less clear. On September 16th, Gregory Starner of White & Case LLP first wrote to say that White & Case was not authorized to accept service of the Order or the Complaint, which, he directed, "should be served in accordance with Rule 4 of the Rules of Civil Procedure." In reply, I asked Mr. Starner if White & Case represents BTA Bank in this litigation. Mr. Starner responded cryptically, advising that White & Case is "not in a position to say" whether they represent BTA Bank in this case. I further suggested that to the extent White & Case does represent BTA Bank, they should (in accordance with the Order) file a notice of appearance and participate in the September 23 teleconference. A copy of my complete email exchange with Mr. Starner (without attachments) is attached as Exhibit D.

*       *       *

It appears that rather than facilitate the efficient service of the Complaint and the Court's Order, BTA Bank has determined to force plaintiffs to suffer the delay, and to incur the burden and expense (including, among other things, translation of the Complaint into Russian and Kazakh) of formal service. Accordingly, Plaintiff is preparing to serve the Complaint on BTA Bank abroad in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure. To the extent BTA Bank is the instrumentality of a foreign sovereign entity, Plaintiffs may also serve BTA Bank in the manner proscribed by 28 U.S.C. § 1608(b)(3)(B). In light of the fact that BTA Bank has longtime counsel in the United States, and is a recent litigant in this Court, this exercise – which will unquestionably result in valid service on BTA Bank – seems entirely unnecessary.

**COHEN & GRESSER LLP**

Honorable Jesse M. Furman
September 17, 2013
Page 3

      We look forward to discussing these issues during the scheduled September 23 teleconference.  If the Court has any questions with regard to the foregoing, we are available at the Court's convenience.

                    Respectfully submitted,

                    Brett D. Jaffe

cc:    Joseph D. Pizzurro, Esq.
       Jonathan J. Walsh, Esq.
       Gregory Starner, Esq. (via email)

# EXHIBIT 7

WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
whitecase.com

Direct Dial + 212.819.8839     gstarner@whitecase.com

September 23, 2013


Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007


Re:  *Atlantica Holdings, Inc., et al. v. BTA Bank JSC*, No. 13-cv-5790 (JMF)


Dear Judge Furman:

We have recently been retained as counsel for BTA Bank JSC ("BTA Bank") with respect to the above-captioned matter.  We write in response to the letter dated September 17, 2013 [Docket No. 4] (the "September 17 Letter") submitted by counsel for plaintiffs in this matter and in the related matter pending before this Court, *Atlantica Holdings, Inc. et al. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12-cv-8852 (the "S-K Fund Action") and with respect to this Court's Order dated September 10, 2013.

As noted in the September 17 Letter, Plaintiffs' counsel attempted to serve BTA Bank via emails sent to attorneys at White & Case LLP.  Pursuant to my email of September 16, 2013, Plaintiffs' counsel was advised that White & Case LLP is not authorized to accept service on behalf of BTA Bank.[1]  BTA Bank has no office or agent for service of process in the United States and is not present in the United States for purposes of service of process.  For that matter, BTA Bank does not have any relevant contacts with the United States for purposes of personal jurisdiction in this matter.  In any case, Plaintiffs are required to properly serve BTA Bank in accordance with Fed. R. Civ. P. 4, which outlines the methods for service on a foreign corporate defendant located outside the United States.

Given that BTA Bank has not been served in this matter, we are not planning to participate on the telephone conference scheduled for today and take no position with respect to the question of

---

[1] With respect to counsel's inquiry as to whether White & Case LLP represented BTA Bank as of September 16, I properly advised counsel for Plaintiffs that White & Case LLP was not in a position to say at that time whether BTA Bank had instructed counsel with respect to this case because White & Case LLP had not been retained by BTA Bank as of September 16.

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA
HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

Honorable Jesse M. Furman

September 23, 2013

**WHITE & CASE**

whether it would be appropriate to consolidate the above captioned action with the S-K Fund Action.

BTA Bank otherwise reserves all its rights, including with respect to the question of whether this Court would have personal jurisdiction over BTA Bank in connection with this matter.

Respectfully submitted,

Gregory M. Starner

cc:     Brett Jaffe, Esq.

2