Brett D. Jaffe
bjaffe@cohengresser.com
Scott D. Thomson
sthomson@cohengresser.com
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, NY 10022
Phone: (212) 957-7600
Fax: (212) 957-4514

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

ATLANTICA HOLDINGS, INC., BALTICA
INVESTMENT HOLDING, INC., BLU FUNDS,
INC., Allan KIBLISKY, Anthony KIBLISKY, and
Jacques GLIKSBERG,

       Plaintiffs,

  – against –

BTA BANK JSC,

      Defendant.

-----------------------------------------------------------x

Civ. No. 13 CV 5790 (JMF)
rel. No. 12 CV 8852 (JMF)

**ECF CASE**

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
**SEEKING AN ORDER PERMITTING SERVICE PURSUANT TO F.R.C.P. 4(f)(3)**

Plaintiffs Atlantica Holdings, Inc., Baltica Investment Holding, Inc., Blu Funds Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg (collectively, "Plaintiffs") respectfully submit this Memorandum of Law, together with the Declaration of Brett D. Jaffe dated September 30, 2013 ("Jaffe Decl.") and the exhibits annexed thereto, in support of their motion seeking an order permitting service of the Summons and Complaint pursuant to F.R.C.P. 4(f)(3) on Defendant BTA Bank ("BTA Bank"), a resident of Kazakhstan, via service on its counsel in this action, White & Case LLP ("White & Case").

## PRELIMINARY STATEMENT

Since commencing this case in August 2013, Plaintiffs have sought BTA Bank's consent to service of process. BTA Bank is a Kazakhstan-based corporation with, to the best of Plaintiffs' knowledge, no office or agent for service of process in the United States. To avoid the unnecessary burden and expense of effecting service in Kazakhstan, Plaintiffs have repeatedly asked White & Case, BTA Bank's longtime counsel in this District, to accept service. BTA Bank and White & Case first ignored, and ultimately rejected, those requests. White & Case has now appeared as BTA Bank's counsel *in this action.* Yet remarkably, BTA Bank continues to refuse to permit service in an efficient, cost-effective manner. The motive behind this tactic is transparent: BTA Bank wishes to delay this litigation and impose maximum burden on Plaintiffs by demanding that BTA Bank be served in Kazakhstan, a country that is not party to the Hague Convention or any other applicable treaty governing service of process.

The purpose of service of process is *notice*; fundamental notions of due process demand that a defendant be afforded notice of the claims asserted against it. Here, it is *absolutely undisputed* that BTA Bank has had the operative summons and complaint in its possession for more than a month and is fully cognizant of the claims against it; indeed, BTA Bank has retained

sophisticated U.S. counsel to represent it in this litigation. There is no need for further delay. Accordingly, Plaintiffs seek an order pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure permitting Plaintiffs to effectuate service on BTA Bank via delivery of the summons and complaint to White & Case.

### STATEMENT OF FACTS

*The Related Actions.* This case arises out of Plaintiffs' purchase of Subordinated Notes issued by BTA Bank, a joint-stock company organized under the laws of the Republic of Kazakhstan. Compl. ¶¶ 8-14; Jaffe Decl. ¶ 3. The Subordinated Notes were first issued in connection with a multi-billion dollar restructuring of BTA Bank's debt (the "2010 Restructuring"). On August 16, 2013, Plaintiffs commenced this action (the "BTA Bank Action") by filing a Complaint alleging various material misstatements and omissions in connection with the sale of the Subordinated Notes, and asserting a claim for relief under the Securities and Exchange Act of 1934 and Rule 10b-5. Dkt. #1.

The Court has accepted the BTA Bank Action as related to a prior-filed action, *Atlantica Holdings Inc. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12 CV 8852 (JMF) (S.D.N.Y.) (the "S-K Fund Action"). The S-K Fund Action, which was commenced on December 5, 2012, also arises out of the same facts as the instant action and asserts claims for relief against S-K Fund, BTA Bank's 97% controlling shareholder. BTA Bank was not named as a defendant in the S-K Fund Action because, at the time that litigation was commenced, BTA Bank was the debtor in a Chapter 15 bankruptcy case pending in the United States Bankruptcy Court in the Southern District of New York (and by which BTA Bank purposely availed itself of the benefits of the courts in this District). *See In re "BTA Bank" JSC*, Case No. 12-13081 (JMP)

(Bankr. S.D.N.Y).  That bankruptcy case was discharged on July 17, 2013, permitting Plaintiffs
to bring the instant case against BTA Bank.

While BTA Bank was not named as a defendant in the S-K Fund Action, it certainly did
not remain on the sidelines.  In support of S-K Fund's motion to dismiss the S-K Fund Action,
Francis Fitzherbert-Brockholes (a White & Case partner) provided a 10-page declaration with
exhibits (the "FFB Declaration") that was filed with this Court.  S-K Fund Dkt. #18.  The FFB
Declaration disclosed that White & Case advised BTA Bank in connection with the 2010
Restructuring.  *Id.* ¶ 1.  That disclosure was not at all surprising; White & Case is BTA Bank's
longtime counsel, having representing BTA Bank in numerous matters including BTA Bank's
recently-concluded Chapter 15 bankruptcy case (*In re "BTA Bank" JSC*, Case No. 12-13081
(JMP) (Bankr. S.D.N.Y)), and another earlier bankruptcy proceeding in which BTA Bank
availed itself of the benefits of the U.S. courts, *In re JSC BTA Bank*, No. 10-BK-10638 (Bankr.
S.D.N.Y).  Jaffe Decl. ¶ 6.

***Plaintiffs' Attempts to Serve the Summons and Complaint.***  In light of the fact that
White & Case had provided a declaration on BTA Bank's behalf in connection with the S-K
Fund Action, on August 19, 2013 (the first business day following the filing of the Complaint)
Plaintiffs emailed Mr. Fitzherbert-Brockholes to inquire as to whether White & Case would
accept service of the Complaint on behalf of BTA Bank.  Jaffe Decl. Ex. 1.  Mr. Fitzherbert-
Brockholes did not respond to that email.  Plaintiffs again emailed Mr. Fitzherbert-Brockholes
on September 10, and again requested that White & Case accept service of process on BTA
Bank's behalf.  Jaffe Decl. Ex. 2.  Once again, Mr. Fitzherbert-Brockholes did not respond.

On September 10, 2013, the Court issued an Order (the "Order") directing all parties to
appear for a telephone conference on September 23.  Jaffe Decl. Ex. 3.  As stated in the Order,

the purpose of the conference was to consider whether the BTA Bank Action and S-K Fund Action should be consolidated, and what effect, if any, the new Complaint had on the motion to dismiss pending in the S-K Fund Action. *Id.* at 2. The Order instructed Plaintiffs to serve a copy of the Order on BTA Bank and file proof of service with the Court, and instructed counsel for BTA Bank to file a notice of appearance. *Id.* at 1-2.

Subsequently, Plaintiffs emailed Mr. Fitzherbert-Brockholes and Richard Graham of White & Case, as well as Joseph Pizzurro and Jonathan J. Walsh of Curtis, Mallet-Prevost, Colt & Mosle LLP, counsel for S-K Fund. By that email, Plaintiffs again requested that BTA Bank accept service of the Complaint and the Order; copies of both were attached. Jaffe Decl. Ex. 4.

On September 16, Gregory Starner of White & Case LLP responded by email that White & Case was not authorized to accept service of the Order or the Complaint, which, he directed, "should be served in accordance with Rule 4 of the Rules of Civil Procedure." In reply, Plaintiffs asked Mr. Starner if White & Case represents BTA Bank in the BTA Bank Litigation. Mr. Starner replied that White & Case is "not in a position to say" whether they represent BTA Bank in this case. Plaintiffs suggested that to the extent White & Case does represent BTA Bank, it should (in accordance with the Order) file a notice of appearance and participate in the September 23 teleconference. Jaffe Decl. Ex. 5. Plaintiffs also submitted a letter to the Court advising that they had been unable to serve the Order on BTA Bank. Jaffe Decl. Ex. 6.

On September 23, the day of the teleconference, Mr. Starner submitted a letter to the Court stating that White & Case had been retained by BTA Bank to represent BTA Bank in this action, but that White & Case was not authorized to accept service of the Complaint. Jaffe Decl. Ex. 7. That same day, Mr. Starner filed a notice of appearance in this action. Dkt. # 5.

However, on the basis that BTA Bank had not yet been served, Mr. Starner refused to participate

in the Court-ordered telephonic conference.  Jaffe Decl. Ex. 7 at 1.

## ARGUMENT

### I.  PLAINTIFFS SHOULD BE PERMITTED TO SERVE BTA BANK PURSUANT TO FED. R. CIV. P. 4(f)(3).

The methods by which process may be served on a foreign corporation are delineated in

Rule 4(f) of the Federal Rules of Civil Procedure.[1]  *See* Fed R. Civ. P. 4(h) (foreign corporation

may be served abroad "in any manner prescribed by Rule 4(f) for serving an individual, except

personal delivery.").  Rule 4(f) enumerates several alternative methods of service.  Rule 4(f)(1)

provides that service may be effectuated pursuant to "any internationally agreed means of

service," such as the Hague Convention or other international treaty.  Because Kazakhstan is not

a signatory to the Hague Convention, or any other applicable treaty, Rule 4(f)(1) is not

applicable here.  Rule 4(f)(2) permits service by means prescribed by the foreign country's law

for service (Rule 4(f)(2)(A)) or by a method designated by a foreign authority in response to a

letter rogatory (Rule 4(f)(2)(B)).  Finally, Rule 4(f)(3) permits service on a foreign litigant to be

effected "by other means not prohibited by international agreement, as the court orders."

As this Court recently recognized, the decision to authorize service pursuant to Rule

4(f)(3) is committed to the sound discretion of the Court.  *See Zhang v. Baidu.com Inc.*, __

F.R.D. __, ___, 2013 WL 1995257, at *2 (June 7, 2013) (Furman, J.); *In re GLG Life Tech Corp.*

*Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (citation omitted).  Moreover, there is "no

hierarchy among the subsection of Rule 4(f)." *Zhang*, 2013 WL 1995257, at *3, *quoting*

*Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505 (ALC)(DCF), 2012 WL 299959, at

---

[1]      Although it is 97% owned by S-K Fund, which is an instrumentality of a foreign state as defined under the Foreign Sovereign Immunity Act, BTA Bank is itself not an instrumentality of a foreign state under the FSIA.  *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003) (corporation owned by "agency or instrumentality" of foreign state is not a foreign state for FSIA purposes).  Accordingly, service under 28 U.S.C. § 1608, which Plaintiffs employed to serve S-K Fund in the S-K Fund Action, is not available here.

*1 (S.D.N.Y. Jan. 31, 2012).  Accordingly, a party need not attempt service pursuant to any other

provision of Rule 4(f) before seeking the Court's authorization to serve pursuant to Rule 4(f)(3):

> Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other
> subsections; it stands on equal footing.  Moreover, no language in Rules 4(f)(1) or
> 4(f)2) indicates their primacy, and certainly Rule 4(f)3) includes no qualifier or
> limitations which indicate its availability only after attempting service of process
> by other means.

*Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014-15 (9th Cir. 2002); *Zhang,* 2013 WL

1995257, at *3 (*quoting Rio Props.*).  As this Court recognized, Rule 4(f)(3) is "merely one

means among several which enables service of process on an international defendant" and "is

neither a last resort nor extraordinary relief."  *Id.* at *3 (*quoting Rio Props.* (citation omitted)).

Here, Plaintiffs have afforded BTA Bank – a sophisticated corporate entity and litigant

which has regularly availed itself of the courts in this District – the opportunity to accept service

of the Complaint.  Those requests have been rejected outright, and no good reason has been

offered for BTA Bank's position.[2]  It is clear that BTA Bank only seeks to delay and obstruct

these proceedings by requiring Plaintiffs to undertake the burden and expense of service of the

Complaint in Kazakhstan.  In light of the fact that BTA Bank has actual notice of this action, has

had the Complaint in its possession for well over a month, has participated in the related S-K

Fund Action, and has retained counsel to represent it in this litigation *and that counsel has*

*appeared in this case,* such an exercise would constitute an unnecessary waste of time and

resources.  Accordingly, the Court should exercise its discretion and permit Plaintiffs' to

complete service on BTA Bank pursuant to Rule 4(f)(3).

---

[2] BTA Bank's argument in White & Case's September 23 letter that "BTA Bank does not have any relevant contacts
with the United States for purposes of personal jurisdiction in this matter" is of no consequence.  It is well settled
that accepting service does not waive a party's right to contest personal jurisdiction.  *See Michelson v. Merrill
Lynch, Pierce, Fenner & Smith, Inc.,* 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989).

## II.   SERVICE ON BTA BANK'S COUNSEL IS APPROPRIATE

A court may direct any method of service pursuant to Rule 4(f)(3) so long as (i) it is not prohibited by international agreement; and (ii) it comports with constitutional notions of due process. *See Zhang,* 2013 WL 1995257, *at* *6, *citing* S.*E.C. v. Anticevic*, 05 CV 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). Delivery of the Complaint to BTA Bank's counsel at White & Case in New York readily satisfies that standard.

First, service by delivery to BTA Bank's counsel is not prohibited by any international agreement. As noted *supra*, Kazakhstan is not party to the Hague Convention or any other international treaty addressing service of process. But in any event, service on a domestic agent – such as BTA Bank's New York-based counsel – does not implicate any international agreement. *See Zhang* at *6, citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).

Second, service on BTA Bank's counsel comports with the requirements of due process. The due process inquiry focuses on whether the method of service chosen provides "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Zhang* at *6, *citing Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 269 (2d Cir. 2006). There is no question that service on White & Case would accomplish that objective. BTA Bank *already has*, via White & Case, notice of the pendency of this action; in fact, White & Case has appeared on BTA Bank's behalf. Moreover, White & Case's relationship with BTA Bank is "well established and extend[s] beyond any limited appearance in this lawsuit." *Zhang* at *7, *citing RSM Prod. Corp. v. Fridman*, No. 06 Civ. 11512 (DLC), 2007 WL 2295907, at *6 (S.D.N.Y. Aug. 10, 2007). BTA Bank is a sophisticated litigant in close contact with its longtime counsel. Due process is satisfied. *See id.* at *6 (service on counsel is a common form of alternative service under Rule

4(f)(3)), *citing Richmond Techs., Inc. v. Alumtech Bus. Solutions*, No. 11-CV-02460, 2011 WL

2607158, at *13 (N.D. Cal. July 1, 2011); *GLG Life Tech. Corp.*, 287 F.R.D. at 267.

<u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs respectfully request that this Court issue an order

pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure permitting service of the

Summons and Complaint on BTA Bank by service on White & Case.

Dated:  October 1, 2013
          New York, New York

**COHEN & GRESSER LLP**

By:_____/s/_____
          Brett D. Jaffe
          bjaffe@cohengresser.com
          Scott D. Thomson
          sthomson@cohengresser.com
          800 Third Avenue, 21st Floor
          New York, NY  10022
          Phone:  (212) 957-7600
          Fax:  (212) 957-4514

*Attorneys for Plaintiffs*