USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ATLANTICA HOLDINGS, INC. et al.,                                   :
                                                                   :
                                    Plaintiffs,                    :        13 Civ. 5790 (JMF)
                                                                   :
            -v-                                                    :        MEMORANDUM OPINION
                                                                   :        & ORDER
BTA BANK JSC,                                                      :
                                                                   :
                                    Defendant.                     :
                                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs Atlantica Holdings, Inc., Baltica Investment Holding, Inc., Blu Funds, Inc., Allan Kiblisky, Anthony Kiblisky, and Jacques Gliksberg sue Defendant BTA Bank JSC ("BTA Bank"), one of the largest banks in Kazakhstan, alleging violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder. (Compl. (Docket No. 1)).  On October 1, 2013, Plaintiffs moved, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, for permission to serve BTA Bank through its counsel in New York, White & Case LLP ("White & Case"), rather than in Kazakhstan. (Docket No. 7).  By Order entered March 10, 2014, the Court granted the motion for reasons to be explained in an opinion to follow. (Docket No. 16).  This is that opinion.

## BACKGROUND

Plaintiffs commenced this action on August 16, 2013. (Docket No. 1).  The case is related to a substantially similar lawsuit filed by Plaintiffs about eight months earlier against Sovereign Wealth Fund Samruk-Kazyna JSC ("S-K Fund"), a Kazakhstani sovereign-wealth fund that owns 97% of BTA Bank. (Docket No. 3; *accord* Am. Compl. (Docket No. 14) ¶ 57,

No. 12 Civ. 8852).  (According to Plaintiffs, BTA Bank was not named as a defendant in the first

lawsuit because, at the time that lawsuit was filed, BTA Bank was in Chapter 15 bankruptcy.

(Pls.' Mem. (Docket No. 9) 2; *see also* Docket No. 1, No. 12-13081-jmp, Bankr. S.D.N.Y.)).  In

both cases, Plaintiffs allege securities fraud arising out of a series of statements made by BTA

Bank and its ownership, through their agents and officers, regarding subordinated debt securities

issued by BTA Bank as part of a restructuring plan in 2010.  (Compl. ¶ 1).

Plaintiffs attempted to effect service on BTA Bank through its "longtime counsel," White

& Case.  (Decl. of Brett D. Jaffe Supp. Pls.' Mot. Seeking Order Permitting Service Compl.

Pursuant to F.R.C.P. 4(f)(3) (Docket No. 8) ("Jaffe Decl.") ¶ 6).  Among other things, White &

Case had represented BTA Bank in connection with both the 2010 restructuring plan and its

bankruptcy proceeding.  (Jaffe Decl. ¶ 6).  In addition, Francis Fitzherbert-Brockholes, a partner

at the firm, had filed a declaration in support of S-K Fund's motion to dismiss in the related

action.  (Decl. Francis Fitzherbert-Brockholes (Docket No. 18) ¶ 1, No. 12 Civ. 8852).  On

August 19, 2013, the first business day after Plaintiffs filed their Complaint, Plaintiffs' counsel

e-mailed Fitzherbert-Brockholes to determine whether White & Case was authorized to accept

service on behalf of BTA Bank.  (Jaffe Decl. ¶ 7; *id.*, Ex. 1).  Fitzherbert-Brockholes did not

respond to that or a subsequent e-mail, sent on September 10, 2013.  (Jaffe Decl. ¶ 7, *id.*, Ex. 2).

On September 10, 2013 — the same day that second e-mail was sent — this Court

ordered the parties in both this and the related case to appear for a telephone conference on

September 23, 2013, to discuss whether the two cases should be consolidated.  (Docket No. 3).

The Court directed Plaintiffs to serve a copy of that Order on BTA Bank and to timely file proof

of such service.  (*Id.*).  Finally, the Court directed counsel for BTA Bank to file a notice of

appearance and to participate in the conference.  (*Id.*).  On September 13, 2013, Plaintiffs'

counsel duly e-mailed Fitzherbert-Brockholes, along with another White & Case lawyer in New York and counsel for S-K Fund in the related case.  (Jaffe Decl. ¶ 9; *id.*, Ex. 4).

On September 16, 2013, four weeks after Plaintiffs' counsel first e-mailed White & Case, Plaintiffs' counsel finally received a reply — not from Fitzherbert-Brockholes, but from his partner, Gregory Starner.  (Jaffe Decl. ¶ 10; *id.*, Ex. 5, at 2).  Starner advised "that White & Case LLP has not been and is not authorized to accept service on behalf of BTA Bank JSC.  Any service o[f] process with respect to the cited action should be made in compliance with Rule 4 of the Federal Rules of Civil Procedure."  (Jaffe Decl., Ex. 5, at 2).  In response, Plaintiffs' counsel asked whether White & Case represented BTA Bank in connection with this case.  (*See id.* at 1).  Starner replied by stating: "We are not in a position to say whether BTA Bank JSC has instructed counsel in this action yet."  (*Id.*).  In response, Plaintiffs' counsel provided Starner with yet another copy of this Court's September 10, 2013 Order and informed him that, pursuant to that Order, if White & Case did represent BTA Bank, it was directed to enter a notice of appearance and participate in the telephone conference.  (*Id.*).

On September 23, 2013, the day of the telephone conference, Starner entered a notice of appearance (Docket No. 5) and submitted a letter to the Court (Docket No. 6) stating that White & Case, as BTA Bank's counsel, did not intend to participate in the conference.  Starner wrote that BTA Bank was declining to participate in the conference because BTA Bank had not yet been served.  (*Id.*).

## DISCUSSION

Service on BTA Bank, as a foreign corporation, is governed by Rule 4(f).  *See* Fed. R.

Civ. P. 4(h); *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013).[1]  Rule 4(f)(1),

which permits service outside the United States "by any internationally agreed means of service

that is reasonably calculated to give notice, such as those authorized by the Hague Convention,"

is inapplicable here as Kazakhstan is not a party to the Hague Convention.  (*See* Pls.' Mem. 5;

Def.'s Mem. 4).  That leaves Rule 4(f)(2) and (3).  Subject to enumerated restrictions, the former

permits alternative service "if there is no internationally agreed means, or if an international

agreement allows but does not specify other means, by a method that is reasonably calculated to

give notice."  Rule 4(f)(3), on the other hand, provides that service on a foreign litigant can be

effected "by other means not prohibited by international agreement, as the court orders."

It is undisputed that "the decision whether to allow alternative methods of serving

process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Madu,*

*Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)

(internal quotation marks omitted).  Further, it is well established that Rule 4(f)(3) "stands

independently, on equal footing" with the other provisions of Rule 4(f) and that a plaintiff may

seek leave to effect alternative service even before attempting service of any other kind.  *S.E.C.*

*v. Anticevic*, No. 05 Civ. 6991 (KMW), 2009 WL 361739 (S.D.N.Y. Feb. 13, 2009); *see also*

---

[1]    Although the S-K Fund, which is an instrumentality of Kazakhstan and therefore subject
to the Foreign Sovereign Immunities Act, *see Atlantica Holdings, Inc. v. Sovereign Wealth Fund
Samruk-Kazyna JSC*, — F. Supp. 2d —, No. 12 Civ. 8852 (JMF), 2014 WL 917055, at *6-7
(S.D.N.Y. Mar. 10, 2014), owns 97% of BTA Bank, the bank itself is not an instrumentality of a
foreign state for purposes of the FSIA, *see Dole Food Co. v. Patrickson*, 538 U.S. 468, 478
(2003).  Accordingly, Title 28, United States Code, Section 1608, which Plaintiffs employed to
serve the S-K Fund in the related action, is inapplicable here.

*Jian Zhang*, 293 F.R.D. at 512 ("Rule 4(f)(3) is 'merely one means among several which enables service of process on an international defendant' and 'is neither a "last resort" nor "extraordinary relief."' (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002))); *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505 (ALC) (DCF), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) ("[T]here is no hierarchy among the subsections in Rule 4(f)."). In other words, Rule 4(f)(3) is "merely one means among several which enables service of process on an international defendant." *Rio Props.*, 284 F.3d at 1015.

Defendant does not dispute these propositions. Instead, it contends that "courts in this Circuit generally require a showing that the plaintiff has reasonably attempted to effectuate service" pursuant to one of the other subsections before authorizing alternative service pursuant to Rule 4(f)(3). (Def.'s Mem. 4-5 (citing cases)). *Devi v. Rajapaska*, No. 11 Civ. 6634 (NRB), 2012 WL 309605 (S.D.N.Y. Jan. 31, 2012), cited by Defendant (Def.'s Mem. 4), is illustrative of the practice. "Although not explicitly provided for in the Rule," the *Devi* Court stated, "district courts in this Circuit generally impose two . . . threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." 2012 WL 309605, at *1. In *Devi*, the Court refused to authorize alternative service because the plaintiff had failed to show that he had made efforts to serve the defendant through the Hague Convention or other means. *See id.* at *2; *see also, e.g.*, *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012) (noting that in cases involving service on a person residing in a country that, unlike Kazakhstan, is a signatory to the Hague Convention, requiring service through such means is common).

This Court has acknowledged that these threshold requirements for alternative service generally "make good sense, if only to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Jian Zhang*, 293 F.R.D. at 512 n.1 (internal quotation marks omitted).  But the law is clear that they are not mandated by the Rule itself, *see id.* at 511-12, and enforcing them in the particular circumstances of this case would not make good sense.  There is no dispute that White & Case is Defendant's counsel of record, and that it has both actual notice of the instant action and actual possession of the Complaint.  (*See* Jaffe Decl., Ex. 4).  Further, although Plaintiffs admittedly have not sought to undertake the costly and time-consuming option of service via letters rogatory, they did diligently seek to negotiate acceptance of service with White & Case.  (*See* Jaffe Decl., Exs. 4-6).  Defense counsel, meanwhile, delayed in responding to these requests and, when it did finally respond, was less than forthcoming in providing information.  Finally, in light of the substantially similar case against the S-K Fund, which survived a motion to dismiss on the same day that the Court entered its Order in this case granting Plaintiffs' motion (*see* 12 Civ. 8852, Docket No. 28), allowing alternative service serves the interest of judicial efficiency as the two cases could proceed in tandem.[2]  In short, given the circumstances of this case, Plaintiffs' decision to seek leave to effect alternative service is not whimsical, but sensible.

---

[2]    The consideration of judicial efficiency was stronger on March 10, 2014, when the Court issued its Order granting Plaintiff's motion seeking authorization for alternative service, than it is now, as the S-K Fund filed a notice of appeal from the Court's Opinion and Order denying its motion to dismiss.  (12 Civ. 8852, Docket No. 34).  In any event, this Opinion explains the reasons for the Court's decision as of March 10, 2014.  Furthermore, the S-K Fund's appeal notwithstanding, allowing for alternative service in this case will enable the Court to manage the two cases more efficiently going forward.

Having decided that alternative service is appropriate, the only remaining question is what method of alternative service would be appropriate.  A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."  *Anticevic*, 2009 WL 361739, at *3 (citation omitted). Service on Defendant's domestic counsel, White & Case, plainly satisfies both requirements — and Defendant does not argue to the contrary.  *See Jian Zhang*, 293 F.R.D. at 515 (noting that service on domestic counsel is "is a common form of service ordered under Rule 4(f)(3)" for foreign defendants (internal quotation marks omitted)); *see also GLG Life Tech Corp.*, 287 F.R.D. at 267 (citing cases).  Given the history and circumstances of this case, it is reasonable to infer that Defendant has actual notice of the lawsuit.  And in any event, there is plainly evidence of "adequate communication" between White & Case and Defendant, as White & Case has already entered a notice of appearance on Defendant's behalf and previously represented it in connection with both the 2010 restructuring that gave rise to this lawsuit and the bankruptcy proceedings that delayed the lawsuit.  *Id.* at 267 (quoting *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)); *see also Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11 Civ. 2460 (LHK), 2011 WL 2607158, at *13 (N.D. Cal. July 1, 2011).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED.

SO ORDERED.

Dated: March 31, 2014
      New York, New York

JESSE M. FURMAN
United States District Judge

7