**VIA ECF**

February 5, 2015

Honorable Jesse M. Furman
U.S. District Judge, S.D.N.Y.
40 Foley Square
New York, NY 10007

      Re:    *Atlantica Holdings, Inc., et al. v. BTA Bank JSC*, No. 13 Civ. 5790 (JMF) [rel. *Atlantica Holdings, Inc., et al. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12 Civ. 8852 (JMF)]

Dear Judge Furman:

      In accordance with Your Honor's Notice of Initial Pretrial Conference dated January 12, 2015 (Docket No. 62) and the Court's Individual Rules and Practices, the parties submit this joint letter together with a proposed Case Management Plan and Scheduling Order.

    1.    *A brief statement of the nature of the action and the principal defenses thereto*

        A.    *Nature of the Action [Plaintiffs' statement]*

      As alleged in the Amended Complaint, Plaintiffs bring causes of action under Section 10(b) of the Exchange Act and Rule 10b-5. Plaintiffs purchased over $76 million of subordinated notes issued by Defendant BTA Bank JSC ("BTA Bank"), one of Kazakhstan's largest commercial banks. Such purchases were made in reliance on misrepresentations and omissions by BTA Bank and its 97% majority shareholder, Kazakhstan's sovereign wealth fund "National Welfare Fund 'Samruk-Kazyna'" ("S-K Fund"). As further alleged in the Amended Complaint, BTA Bank and S-K Fund made misstatements and/or omissions concealing (i) the existence and effect of the "negative carry swap," a scheme by which BTA Bank's assets were diverted to S-K Fund, resulting in BTA Bank's insolvency and the loss of virtually all value in the subordinated notes, and (ii) BTA Bank's liability for "Recovery Units" issued in connection with BTA Bank's 2010 restructuring. Plaintiffs seek damages in an amount to be proven at trial and such other further relief as the Court may deem just and proper.

        B.    *Principal Defenses [Defendant's statement]*

      As a threshold matter, BTA Bank believes that some or all of the Plaintiffs lack standing to assert any claims based on the subordinated notes. BTA Bank further believes that discovery will confirm that this Court lacks personal jurisdiction over BTA Bank, and that the relevant transactions were not domestic and therefore fall outside the scope of Section 10(b). BTA Bank also believes that its disclosures were not false, misleading or incomplete, nor, in any event, did Plaintiffs reasonably rely on any false or

February 5, 2015
Page 2

misleading statements made by BTA Bank, and in any case Plaintiffs will not be able to establish the requisite loss causation or scienter and have not experienced any material losses attributable to BTA Bank

    2.    *A brief description of jurisdiction and venue, and parties' place of incorporation and principal place of business, as applicable*

    A.    *Jurisdiction*

Plaintiffs believe that this Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331, as well as Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

BTA Bank believes that this Court lacks personal jurisdiction over BTA Bank, and that the relevant transactions were not domestic and therefore fall outside the scope of Section 10(b).

    B.    *Venue*

Plaintiffs believe that venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because Defendant allegedly directed – and knowingly assisted and participated with S-K Fund in – the transmission of misstatements and omissions in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because substantial acts in furtherance of the alleged fraud and of its effects have occurred within this District. Finally, venue is appropriate where this Court has already found personal jurisdiction over BTA Bank and Defendant has not otherwise challenged venue, waiving such a defense. *See* Order and Opinion at 10, Docket No. 61; Fed. R. Civ. P. 12(h)(1).

As noted above, BTA Bank believes that this Court lacks personal jurisdiction over BTA Bank and disputes Plaintiffs' allegations that BTA Bank directed any misstatements or omissions to this District.

    C.    *Corporate Parties*

Plaintiffs Atlantica Holdings, Inc. ("Atlantica"), Baltica Investment Holding, Inc. ("Baltica"), and Blu Funds, Inc. ("Blu Funds") are corporations formed under the laws of the Republic of Panama.

Defendant BTA Bank is a joint-stock company organized under the laws of the Republic of Kazakhstan.

    3.    *A statement of all existing deadlines, due dates, and/or cut-off dates*

At this time, there are no existing deadlines, due dates, and/or cut-off dates apart from the February 5, 2015 deadline for this joint letter and a proposed Civil Case Management Plan and Scheduling Order.

February 5, 2015
Page 3

    4.    *A brief description of any outstanding motions*

None.

    5.    *A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations*

No discovery has taken place to date. The parties believe that initial disclosures and at least some document production will be required before the parties can engage in meaningful settlement negotiations. BTA Bank asserts that, in the first instance and at a minimum, they will need discovery regarding (i) the process by which the subordinated notes were purchased, (ii) the identity of the beneficial owners of the subordinated notes and (iii) any alleged losses.

    6.    *A list of all prior settlement discussion, if any*

None.

    7.    *Any other information parties believe would be helpful for the Court*

The parties anticipate some scheduling and logistical issues because many parties and witnesses reside abroad. In addition, it is anticipated that many, and perhaps all, of the documents produced by Defendant and/or various third parties will be written in Kazakh or Russian, requiring translation. Finally, this case is marked as related to a similar action against S-K Fund (12-cv-8852) that is currently on appeal to the Second Circuit (14-917), with oral argument expected in the spring. The parties believe discovery in both cases will substantially overlap and hope to coordinate discovery in order to avoid unnecessary and duplicative work for all parties and the Court.

Respectfully submitted,

| **ALSTON & BIRD LLP** | **WHITE & CASE LLP** |
|---|---|
| By: __/s/ Brett D. Jaffe_____ | By: __/s/ Gregory M. Starner_____ |
| Brett D. Jaffe | Gregory M. Starner |
| Jennifer S. Kozar | Owen C. Pell |
| James S. D'Ambra, Jr. | Joshua B. Elmore |
| 90 Park Avenue | 1155 Avenue of the Americas |
| New York, New York 10016 | New York, New York 10036 |
| Tel: (212) 210-9400 | (212) 819-8200 |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |