USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/09/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATLANTICA HOLDINGS, INC. et al.,

                     Plaintiffs,

          -against-

BTA BANK JSC,

                     Defendant.
-----------------------------------------------------------------X
ATLANTICA HOLDINGS, INC. et al.,

                     Plaintiffs,

          -against-

SOVEREIGN WEALTH FUND
"SAMRUK-KAZYNA" JSC

                     Defendant.
-----------------------------------------------------------------X

Case No.: 13-CV-5790 (JMF)

Case No.: 12-CV-8852 (JMF)

<u>CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER</u>

       This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties <u>do not</u> consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

2. Settlement discussions <u>have not</u> taken place.

3. The parties <u>have</u> conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the court.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by the parties in *Atlantica Holdings, Inc., et al. v. Sovereign Wealth Fund "Samruk-Kazyna" JSC*, No. 12 Civ. 8852 (JMF) (the "S-K Fund Case") no later than <u>June 27, 2016</u>.

6. Discovery

    a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b. All fact discovery shall be completed no later than July 2, 2017.

    c. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than October 31, 2017.

    d. All document productions shall be substantially complete by December 2, 2016.

    e. All fact depositions shall be conducted by July 2, 2017.

    f. All documents, including third-party productions and other discovery obtained to date in *Atlantica Holdings, Inc., et al. v. BTA Bank JSC*, No. 13 Civ. 5790 (the "BTA Bank Case"), shall be deemed to have been produced in the S-K Fund Case.

    g. Going forward, all discovery conducted in either the S-K Fund Case or the BTA Bank Case (the "Related Cases") will be deemed to be conducted in both Related Cases.

    h. Any application for an extension of time must be made by letter motion in accordance with the Court's rules. Applications for extensions of time regarding the deadlines set forth in Paragraphs 6(b) – 6(e) will not be granted absent good cause shown.

7. Interim Discovery Deadlines

    a. Initial Requests for Production of Documents shall be served in the S-K Fund Case by July 1, 2016.

    b. Initial interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by July 1, 2016. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 6(e).

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, nonparty depositions shall follow initial party depositions.

        iv. Notwithstanding Paragraph 7(d)(i) and (iii), Defendants may depose for two (2) hours each one (1) representative from each of UBS Financial Services, Inc. and EFG Capital International Corp., each of which deposition shall be limited solely to issues relating to whether Plaintiffs' purchases of the Subordinated Notes issued by BTA Bank JSC constitute domestic securities transactions as required by the Supreme Court's decision in *Morrison v. National Australia Bank Ltd.* ("*Morrison*"), 130 S. Ct. 2869 (2010), and its progeny. Plaintiffs shall have the right to attend and cross-examine the witness at each of these depositions for no more than two hours and on the same subject matter.

        v. The parties are limited to 15 depositions per side.

    e. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

    f. Any of the deadlines in paragraphs 7(a) through 7(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraphs 6(b), (d), and (e).

    g. No later than thirty (30) days prior to the date in paragraph 6(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 6(c).

8. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at http://nysd.uscourts.gov/judge/Furman).

9. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may, in accordance with the Court's Individual Rules and Practices in Civil Cases, file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter *must* include a representation that the meet-and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must file a responsive letter, not to exceed three pages, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as

       the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

10. All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

11. Alternative dispute resolution/settlement

    a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        i. Plaintiffs will provide Defendants with an initial settlement demand by June 23, 2016.

        ii. Plaintiffs and Defendants shall then inform the Court by July 18, 2016 regarding their respective positions on whether settlement discussions will be worthwhile, whether the parties wish to engage in mediation, and if so, the forum for that mediation.

    b. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. Summary Judgment

    a. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later). Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

    b. Defendants must seek the Court's leave to file any early summary judgment motion. Defendants' application must be in the form of a letter, not to exceed five (5) pages, setting forth the merits as to why they should be able to file a summary judgment motion, as well as the effect it will have on the Related Cases if the Defendants prevail. Plaintiffs shall have seven (7) days to file a response to Defendants' application in the form of a letter, not to exceed five (5) pages.

13. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

14. Plaintiffs reserve all rights to seek a jury trial in the Related Cases, to the extent permitted by law. Issues related to trial shall be addressed at a pretrial scheduling conference to be determined by the Court.

15. The parties will appear before the Court on December 7, 2016 at 3pm to discuss the status of discovery conducted to date. In advance of that conference, the parties are to submit a joint letter to the court by December 1, 2016, using the Court's standard case management plan format.

ALSTON & BIRD LLP

By: _____
Brett D. Jaffe
Jennifer S. Kozar
Michael P. Canavan
90 Park Avenue
New York, New York 10016

*Attorneys for Plaintiffs*

GREENBERG TRAURIG LLP

By: _____
Robert A. Horowitz
Jason Harris Kislin
Louis Smith
200 Park Avenue
New York, NY 10166

*Attorneys for Defendant BTA Bank JSC*

KATTEN MUCHIN ROSENMAN LLP

By: _____
Bruce Vanyo
Jason Vigna
Brian Muldrew
Allison Wuertz
575 Madison Avenue
New York, NY 10022

*Attorneys for Defendant BTA Bank JSC*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: *[signature]*

Joseph D. Pizzurro
Jonathan Joseph Walsh
Kevin A. Meehan
101 Park Avenue
New York, NY 10178

*Attorneys for Defendant Sovereign Wealth Fund "Samruk-Kazyna" JSC*

SO ORDERED.

*[signature]*

June 9, 2016