Case 1:13-cv-05790-JMF Document 154 02/29/2012 Filed 02/09/22 Page 1 of 5
Case 1:20-2805-cv-JMF Document 219 Filed 02/09/22 Page 1 of 5

N.Y.S.D. Case # 12-cv-8852(JMF)

MANDATE

20-2805-cv
Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-two.

Present:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    AMALYA L. KEARSE,
    EUNICE C. LEE,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 09 2022

_____

ATLANTICA HOLDINGS, INC., BALTICA INVESTMENT HOLDING, INC., BLU FUNDS, INC.,

      *Plaintiffs-Appellants*,

ANTHONY KIBLISKY, JACQUES GLIKSBERG, ALLAN KIBLISKY,

      *Plaintiffs*,

    v.                                    20-2805-cv

SOVEREIGN WEALTH FUND SAMRUK-KAZYNA JSC, AKA National Welfare Fund Samruk-Kazyna, BTA BANK JSC,

      *Defendants-Appellees*.
_____

1

MANDATE ISSUED ON 02/09/2022

| | |
|---|---|
| For Plaintiffs-Appellants: | MARTIN S. BLOOR (Matthew L. Elkin, *on the brief*), Cozen O'Connor, New York, NY. |
| For Defendant-Appellee BTA Bank JSC: | JASON C. VIGNA (Brian L. Muldrew, *on the brief*), Katten Muchin Rosenman LLP, New York, NY. |
| For Defendant-Appellee Sovereign Wealth Fund Samruk-Kazyna JSC: | Joseph D. Pizzurro, Jonathan J. Walsh, Samuel J. L. Ballard, Curtis, Mallet-Prevost, Colt & Mosle, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Atlantica Holdings, Inc.; Baltica Investment Holding, Inc.; and Blu Funds, Inc. appeal from an opinion and order of the district court granting Defendants-Appellees Sovereign Wealth Fund Samruk-Kazyna JSC ("S-K Fund") and BTA Bank JSC's ("BTA Bank's") motion for summary judgment and dismissing Plaintiffs-Appellants' securities fraud claims in full. On appeal, Plaintiffs-Appellants argue that the district court erred in finding that there were no triable issues of fact concerning: (1) the material misstatements or omissions element of their claims under section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"); and (2) the loss causation element of their claims under section 10(b) of the Exchange Act and Securities Exchange Commission ("SEC") Rule 10b-5. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In essence, Plaintiffs-Appellants contend that Defendants-Appellees fraudulently induced them to support the 2010 restructuring of BTA Bank through an information memorandum ("2010 IM") that failed to disclose key related-party transactions. These transactions include three high-interest-rate deposits from S-K Fund into BTA Bank ("Undisclosed S-K Fund

Deposit"), which resulted in what Plaintiffs-Appellants call a negative carry swap ("NCS"). In support of their claims, Plaintiffs-Appellants cite a series of alleged omissions or misrepresentations, including (1) the Undisclosed S-K Fund Deposit; (2) the 2010 IM's Deed of Undertaking, which stated that no unauthorized dividends would be paid on S-K Fund's shares of BTA Bank; (3) statements from Defendants-Appellees that BTA Bank would continue as a going concern and achieve required capital ratios levels; (4) statements that S-K Fund made to the press in 2011 and 2012; and (5) representations that Defendants-Appellees made to investors in 2012 regarding the possibility of acceleration of BTA Bank's recovery units. Plaintiffs-Appellants further allege that BTA Bank's 2012 financial collapse resulted from the Undisclosed S-K Fund Deposit and the resultant NCS.

We review a district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ne. Research, LLC v. One Shipwrecked Vessel*, 729 F.3d 197, 207 (2d Cir. 2013) (citations and internal quotation marks omitted). To prevail on a section 10(b) claim, a plaintiff must prove six elements: "(1) the defendant made a material misrepresentation or omission; (2) with scienter; (3) in connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (citation omitted). Here, the district court awarded summary judgment to Defendants-Appellees based on the first and sixth elements. We now affirm the district court's judgment on the basis of the sixth element.

"Loss causation 'is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff.'" *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161,

3

172 (2d Cir. 2005) (quoting *Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 197 (2d Cir. 2003)).  A misstatement or omission "is the proximate cause of an investment loss if the risk that caused the loss was within the zone of risk *concealed* by the misrepresentations and omissions alleged by a disappointed investor." *Id.* at 173 (citations and internal quotation marks omitted).  To establish loss causation, plaintiffs need to show that "the loss was foreseeable and caused by the materialization of the risk concealed by the fraudulent statement."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 107 (2d Cir. 2007). Specifically, proof of loss causation requires that plaintiffs "disaggregate" losses caused by "disclosures of the truth behind the alleged misstatements" from losses that result from other factors, such as "changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events."  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 36 (2d Cir. 2009) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 343 (2005)).  Plaintiffs-Appellants argue that, because BTA Bank operated in an inefficient market, loss disaggregation would be "irrelevant."  Plaintiffs-Appellants suggest that the district court should have employed traditional principles of proximate cause to assess loss causation. We disagree.

Contrary to Plaintiffs-Appellants' assertions, proof of loss causation requires loss disaggregation whether the market is efficient or inefficient.  *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1123 (9th Cir. 2013) ("[T]he need to reliably distinguish among the tangle of factors affecting a security's price is no less urgent in inefficient markets.").  And here, Plaintiffs-Appellants failed to disaggregate the losses that they allege were caused by the interest rate associated with the Undisclosed S-K Fund Deposit from losses that were caused by other factors.  *See Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147,

4

157–58 (2d Cir. 2007) (holding that plaintiffs failed to plead that defendant's misstatements were the proximate cause of their losses where non-party misstatements could also have caused plaintiffs' loss and they failed to "allege[] facts that would allow a factfinder to ascribe some rough proportion of the whole loss to [defendant's] misstatements"). Indeed, "in the first nine months of 2011, interest payments to S-K Fund accounted for just one fifth of BTA Bank's interest expenses." *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 477 F. Supp. 3d 88, 110 (S.D.N.Y. 2020). And "BTA Bank projected that its overall negative net interest margin — in transactions with all counterparties, not only S-K Fund — would amount to approximately one-tenth of the increase" in its capital shortfall. *Id.* Thus, even assuming *arguendo* that BTA Bank was insolvent at all times following the Undisclosed S-K Fund Deposit, as Plaintiffs-Appellants contend, it does not thereby follow based on the record here that all, or even a substantial portion, of Plaintiffs-Appellants' losses were attributable to the deposit. We therefore agree with the district court's determination that Plaintiffs-Appellants presented no triable issues of fact concerning the loss causation element of their section 10(b) and Rule 10b-5 claims.

\* \* \*

We have considered Plaintiffs-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit